UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DENNIS K. TAYLOR, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:17-CV-130-TLS-SLC |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 28], filed on June 23, 2020, moving this Court for an Order awarding attorney's fees pursuant to 42 U.S.C. § 406(b). The Defendant has filed a Response to Plaintiff's Motion for Attorney Fees Under Section 406(b) of the Social Security Act [ECF No. 29] indicating that it neither supports nor opposes the Plaintiff's Motion. For the reasons stated below, the Plaintiff's Motion is GRANTED.

## BACKGROUND

On September 10, 2013, the Plaintiff filed his Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income, alleging disability beginning on August 26, 2013. May 31, 2018 Op. & Order 1, ECF No. 23. The Social Security Administration initially denied the Plaintiff's applications, and again on reconsideration. *Id.* An ALJ also denied the Plaintiff's application, finding he was not disabled prior to his date last insured. *Id.* at 2. On February 2, 2017, the Appeals Council denied the Plaintiff's request to review the ALJ's decision. *Id.* at 2.

On April 3, 2017, the Plaintiff filed a Complaint [ECF No. 1] in which he sought review of the denial of his benefits. On May 31, 2018, the Court reversed and remanded this case for further proceedings. May 31, 2018 Op. & Order 10. Ultimately, the Social Security Administration issued a Notice of Award [ECF No. 28-5] in which it stated that the Plaintiff is entitled to past-due benefits in the amount of $55,627.50. *See* Notice of Award 3, ECF No. 28-5.

The Plaintiff filed a Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 28] on June 23, 2020, requesting the Court to award the Plaintiff's counsel $4,701.83 in § 406(b) attorney's fees. This amount is based on the retainer agreement between the Plaintiff and his attorneys, where the Plaintiff agreed to pay his attorneys twenty-five percent of all past-due benefits. *See* Fee Agreement 1, ECF No. 28–1. The Court previously awarded counsel $ 2,377.80 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), *see* Sept. 12, 2018 Op. & Order, ECF No. 27, and counsel indicates that the request for $4,701.83 in attorney's fees takes into account the previously awarded EAJA fees. *See* Pl.'s Mot. ¶ 14, ECF No. 28; *see also Teachworth v. Saul*, No. 3:17-CV-275, 2020 WL 1812393, at *1 ("Counsel cannot recover fees under both the EAJA and § 406(b), though, so they must either refund the EAJA award or subtract that amount from the § 406(b) request." (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002))).

## ANALYSIS

The Plaintiff's counsel requests $4,701.83 in attorney's fees pursuant to 42 U.S.C § 406(b) in addition to the $2,377.80 previously awarded EAJA attorney's fees. "The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b)." *Hoover v. Saul*, No. 1:16-CV-427, 2019 WL 3283047, at *1 (N.D. Ind. July 22, 2019) (citing *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019)). "Under § 406(b), the Court may award a reasonable fee to

2

the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled." *Hoover*, 2019 WL 3283047, at *1 (citing 42 U.S.C. § 406(b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002)). "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Id.* at *2 (citing *Gisbrecht*, 535 U.S. at 808). Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Gisbrecht*, 535 U.S. at 808. Likewise, "an award of EAJA fees under [28 U.S.C. § 2412] offsets an award under § 406(b)." *Hoover*, 2019 WL 3283047, at *1 (citing *Gisbrecht*, 535 U.S. at 796); *see also Teachworth*, 2020 WL 1812393, at *1 ("Counsel cannot recover fees under both the EAJA and § 406(b), though, so they must either refund the EAJA award or subtract that amount from the § 406(b) request." (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002))).

In this case, the requested amount in attorney's fees is consistent with the contingency agreement. Fee Agreement 1. Additionally, the requested amount adequately takes into account the delays caused by the July 27, 2017 and August 22, 2017 Motions for Extensions [ECF Nos. 15, 17]. Pl.'s Mot. ¶ 15. The Plaintiff's counsel represents that 12 attorney hours were spent in federal court on this case, which results in an effective hourly rate of $589.97. *See id.* at ¶¶ 3, 12. Such an hourly rate is reasonable given the contingent nature of this case. *See Kirby v. Berryhill*, No. 14-CV-5936, 2017 WL 5891059, at * 1–2 (N.D. Il. Nov. 29, 2017) (awarding attorney's fees with an hourly rate of $1,612.28 and citing cases supporting the court's holding); *Heise v. Colvin*, No. 14-CV-739, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016) ("This results in an effective hourly rate of just over $1,100, appropriately high to reflect the risk of non-recovery in social security cases . . . ."); *see also Zenner v. Saul*, 4:16-CV-51, 2020 WL 1698856, at *2 (N.D. Ind. Apr. 8, 2020) (awarding

attorney's fees with an hourly rate of $ 1,167.28); *Koester v. Astrue*, 482 F. Supp 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney's fees with hourly rates ranging from $400 to $1,500).

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 28] and AWARDS attorney's fees under 42 U.S.C. § 406(b) in the amount of $4,701.83.

SO ORDERED on July 10, 2020.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT